STORY *v.* KNAPP ET AL.

(Decided December 5, 1927.)

*Mr. John Weld Peck,* for trustees.
*Messrs. Roettinger & Street,* for cross-petitioner.
*Messrs. Nichols, Morrill & Ginter* and *Messrs. Hicks & Hicks,* for defendants.

494

HAMILTON, P. J. Alva Stewart seeks equitable relief in this court, through the filing of his cross-petition in old circuit court case No. 4751, entitled Story v. Knapp, et al.

The cross-petitioner claims to be a beneficiary of a trust created by Martin W. Knapp, deceased, known as God's Bible School & Missionary Training Home. He charges irregularity on the part of the trustees, and asks the removal of the trustees, for a restraining order, and the appointment of a receiver to take charge of and operate the trust.

A motion was made by the cross-petitioner asking that a receiver be appointed pending the determination of the questions made on the cross-petition. The trustees oppose the appointment of a receiver, and argue that there is no case pending in this court. empowering the court to act. The determination of the motion, for the appointment of a receiver, brings before the court the question of the right of the cross-petitioner to file such an action in this court. The appointment of a receiver being an ancillary proceeding, it is necessary to determine, first, the right of the cross-petitioner to intervene in this case in this court.

The original case was filed in the court of common pleas of Hamilton county in February, 1907, and was brought against the trustees to define and determine the trust upon which the property of the institution was to be held, for an injunction, and for the removal of the trustees, then acting as such.

May 4, 1907, the court of common pleas entered a decree, defining the trust, and decreed all of the purposes and the manner of execution of the trust.

In July, 1907, Jackson W. Sparrow, administrator of the trustant, Knapp, filed an intervening petition in the case, seeking the possession of certain items of property held by the trustees. The case was thereupon appealed to the circuit court, which court, in May, 1908, rendered a decree substantially as entered by the court of common pleas, but with some modification, declaring fully the purposes of, and the manner of, the execution of the trust, and remanded the case "to the Court of Common Pleas of Hamilton county, Ohio, to carry this decree into execution, and for all further proceedings."

In the meantime, the court of common pleas put on an entry, removing the then acting trustees, and ordering an election of trustees. This election was held, and, on December 20, 1907, the judges of election reported to the court of common pleas the election of three trustees. The court further ordered the election of one trustee annually.

February 17, 1908, an appeal from the order of the court of common pleas, providing for the election of trustees, was perfected, and was numbered case No. 4578. It is in this appeal case No. 4578, from the order of the common pleas court ordering the election of trustees, that this cross-petitioner claims the right to have adjudicated his rights in the premises.

It is contended that there is no case here in which to intervene for the relief sought in the cross-petition; that the circuit court remanded the case to the court of common pleas; and that the whole case is now in that court.

It appears from the record that all of the terms, conditions, property holdings, interests, and rights

in the trust were all determined in case No. 4537, in which the circuit court, as heretofore stated, remanded the case to the court of common pleas, for the purposes of the execution of the trust, ''and for all further proceedings.''

On the second appeal, in case No. 4751, we find this entry of the circuit court:

''This cause coming on to be heard on appeal from the Court of Common Pleas on the application of the trustees herein to set aside the former order of the Common Pleas Court for the annual election of trustees, and asking that the court appoint permanent trustees to administer the trust, was submitted on the pleadings, papers and the evidence, and arguments of counsel; on consideration whereof the court find it will be for the best interest of said trust that the order of the Common Pleas Court providing for the election of one trustee annually be set aside, and that permanent trustees be appointed to administer said trust.

''It is therefore ordered that said order of said court providing for the election of one trustee each year for the term of three years be and the same is hereby set aside and held for naught, and it is further ordered that Mrs. M. W. Knapp, Bessie Standley and Meredith G. Standley, elected as trustees in December, 1907, under the order of said Common Pleas Court, and now acting as trustees to administer and conduct said Bible School & Missionary Training Home and its associated charities, and they, as such trustees, are hereby vested with the title to all the property, both real and personal, belonging to said trust to be used and applied solely to conduct and maintain said Bible school and other

charities connected with it in accordance with the findings and orders of said Court of Common Pleas, as made in this action in said court.

"It is further ordered that said trustees pay the costs of this proceeding, taxed at $.............."

It will be noted that in this entry the same trustees were appointed by the circuit court that were elected at the election ordered by the court of common pleas. The circuit court did set aside and hold for naught the order of the court of common pleas, requiring the election of one trustee each year for the term of three years, and found that permanent trustees should be appointed to administer the trust, and then proceeded to appoint the trustees that had been elected. In other words, the circuit court held there was no right in law for the court of common pleas to order an election annually, but did seem to be of the view that the trustees should be permanent trustees. The language of the entry is "that Mrs. M. W. Knapp, Bessie Standley and Meredith G. Standley, elected as trustees in December, 1907, under the order of said common pleas court and now acting as trustees, be, and they are hereby, appointed trustees to administer and conduct said Bible School & Missionary Training Home and its associated charities, and they as such trustees are hereby vested with the title to all the property * * *." In other words, the circuit court, in the appeal, set aside the annual election, and did but fix the tenure of office of the trustees that had been elected.

It will further be noted that the decree of the circuit court closes with the words "in accordance with the findings and orders of said court of common

pleas, as made in this action in said court." The practice in the days of the circuit court was that appeal might be taken from any final order made in a case pending in the court of common pleas, and that was the only question raised by the appeal. The appeal did not bring up the whole case for determination as to the terms, conditions, and execution of the trust. That had been fully settled by the former decree in the other case. While the entry made the tenure of office of those trustees elected in December, 1907, permanent, it did not bring into this court the execution of the trust. It simply made the trustees elected permanent trustees, for the purpose of carrying out the trust "in accordance with the findings and orders of said court of common pleas."

While the circuit court in the entry in case No. 4751 did not use the word "remand" to the court of common pleas, it did use an expression which emphatically remanded the case to the court of common pleas, in the language above stated. It certainly could not be claimed that the circuit court retained the execution of the trust, to be controlled by and "in accordance with the findings and orders of said court of common pleas."

Our conclusion is that the whole matter is in the court of common pleas; that there is nothing retained in this court, the successor of the circuit court, on which could be based the relief sought in the cross-petition and the appointment of a receiver.

The appointment of a receiver will be refused, and the cross-petition dismissed.

*Judgment accordingly.*

MILLS and CUSHING, JJ., concur.